THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ELLEN FIELD,

        Plaintiff,

v.                                      Civil Action No. 3:20cv682

KROGER, *et al.*,

        Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Defendants Kroger; Kroger Grocery Store at 1510 Eastridge Road, Richmond, Virginia 23229; Kroger Limited Partnership I; and, the Kroger Company's (collectively "Kroger" or the "Kroger Defendants") Motion to Dismiss Pursuant to Rule 12(b)(6)[1] (the "Motion to Dismiss"). (ECF No. 5.) Plaintiff Ellen Field responded to the Motion to Dismiss, (ECF No. 8), and Kroger replied, (ECF No. 10).

These matters are ripe for adjudication. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332(a).[2] For the reasons stated below, the Court will grant the Motion to Dismiss without prejudice.

---

[1] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The Kroger Defendants are Ohio entities, while Field is a resident of the Commonwealth of Virginia. The amount in controversy exceeds $75,000. (Compl. 7, ECF No. 1-2.)

## I. Factual[3] and Procedural Background

Field brings this three-count Complaint arising out of an allegedly unsafe or improperly placed parking lot bumper stop in the handicap-parking section of a Kroger store located at 1510 Eastridge Road, Richmond, Virginia, 23229 (the "Kroger Store"). (Compl. ¶ 3.) Field alleges that on October 3, 2018, she visited the Kroger Store and parked in the handicap-parking section. (*Id.*) Field posits that the improperly placed parking lot bumper stop was in "a path frequently used by handicapped customers" going to and from the store. (*Id.* ¶¶ 4, 6.) That path, according to Field, was obstructed by an "unsafe and/or improperly placed parking lot bumper stop," over which Field tripped upon exiting her vehicle. (*Id.* ¶¶ 3, 6.) Field asserts that she suffered "bodily injuries" as a result of her fall. (*Id.* ¶ 7.)

Field brings three counts against the Kroger Defendants: (1) Negligence ("Count I"); (2) Negligence *Per Se* ("Count II"); and, (3) Nuisance ("Count III"). (*Id.* 2–6.) Field seeks judgment against the Kroger Defendants in the amount of $2,500,000, jointly and severally, for "compensatory damages, her costs expended in this action and prejudgment interest from the date of injury, under the theory of *respondent superior*, master/servant, vicarious liability and agency principles." (*Id.* 7.)

On July 30, 2020, Field filed her case in the Circuit Court for the City of Richmond. (Notice Removal 1, ECF No. 1.) On August 31, 2020, twenty-four days after receiving service of process, Kroger removed to this Court. (*Id.* 2.) On September 15, 2020, the Court denied

---

[3] For the purpose of the Rule 12(b)(6) Motion to Dismiss, the Court will accept the well-pleaded factual allegations in Field's Complaint as true, and draw all reasonable inferences in favor of Field. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) ("a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'") (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

without prejudice Kroger's demurrer, originally filed in the City of Richmond Circuit Court. (ECF No. 4.) On September 24, 2020, Kroger filed the present Motion to Dismiss. (ECF No. 5.) Field responded, (ECF No. 8), and Kroger replied, (ECF No. 10.)

For the reasons that follow, the Court will grant the Motion to Dismiss without prejudice.

## II. Standard of Review: Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a Complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a Complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.") Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the Complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (citation omitted). The Court must assume all well-pleaded factual allegations to

be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676–79; *see also Kensington*, 684 F.3d at 467 (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the Complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *Kolon Indus.*, 637 F.3d at 440)).

### III. Analysis

Kroger challenges the sufficiency of Field's Complaint, arguing that Field does not allege facts sufficient to give rise to a claim for relief. Despite reading the Complaint favorably to Field and drawing all reasonable inferences in her favor, the Court will grant the Motion to Dismiss.

First, the Court will address Field's allegations of negligence and negligence *per se*, concluding that Field does not state a claim for either negligence or negligence *per se* because the Complaint includes only bald assertions and mere conclusions that the parking bumper was "unsafe" or "improperly placed." (Compl. ¶ 3.)

Next, the Court will address Field's allegations of nuisance, concludes that Field does not state a claim for public nuisance.

#### A.  The Court Will Dismiss Counts I and II Because Field Does Not Allege Facts Sufficient to State a Claim for Negligence or Negligence *Per Se*

Even reading the Complaint favorably, Field's allegations that Kroger negligently maintained the parking bumper do not give rise to an entitlement to relief, so the Court will dismiss Count I. The Complaint does not present sufficient factual information to allow the Court to reasonably infer any negligence on Kroger's part. Because Field does not state a claim for negligence, her claim for negligence *per se* must also fail. Therefore, the Court will also dismiss Count II.

4

"The essential elements of a negligence claim in Virginia, as elsewhere, are (1) the identification of a legal duty of the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff proximately caused by the breach." *Talley v. Danek Medical, Inc.*, 179 F.3d 154, 157 (4th Cir. 1999) (citation omitted). Under Virginia law, "[t]he standard of conduct to which a party must conform to avoid being negligent is that of a reasonable [person] under like circumstances." *Id.* at 157–58 (citation omitted).

"Under the doctrine of negligence *per se*, however, the violation of a statute or ordinance can constitute a violation of the 'reasonable [person]' standard as a matter of law." *Id.* at 158 (citation omitted). Thus, in negligence *per se* cases, the courts "adopt as the standard of conduct of a reasonable [person] the requirements of a legislative enactment or an administrative regulation." RESTATEMENT (SECOND) OF TORTS § 286 (1965); *see also Talley*, 179 F.3d at 158. First, the plaintiff must show that the "injured person is a member of a class for whose benefit the legislation was enacted" to establish the duty element. *Butler v. Frieden*, 158 S.E.2d 121, 122 (Va. 1967) (citation omitted). The plaintiff must also show that "the breach of duty was a proximate cause of the plaintiff's injury." *Talley*, 179 F.3d at 158. "Virginia law makes clear that a plaintiff who has established breach by relying on negligence *per se* must also establish the other elements of a negligence claim in order to prevail." *Id.*

Field does not allege specific facts that would allow the Court to reasonably infer that Kroger acted negligently. Although Field alleges that the parking bumper was "unsafe and/or improperly placed" in the walking path, such facts, even read liberally, do not plausibly show how Kroger acted negligently.[4] (Compl. ¶ 3.) At this procedural juncture, Field may not rest on

---

[4] In briefing, Field adds allegations to elaborate on the facts in the Complaint. For instance, Field argues that the tripped hazard "was not readily apparent to pedestrians when a vehicle was parked in the handicapped accessible parking space," (Resp. 1, ECF No. 8), and

5

mere allegations of negligence. Because the Complaint does not plausibly allege that Kroger acted negligently, the Court will grant the Motion to Dismiss Count I.[5]

For these same reasons, Field does not allege facts sufficient to give rise to a claim of negligence *per se*. Field does not allege with specificity how the placement of the parking bumper violated Virginia law. Despite her legal conclusions that Kroger violated Virginia Uniform Statewide Building Code § 302.3,[6] Chesterfield County Ordinance § 5-1,[7] or ICC/ANSI A117.1 § 303.2 (2003),[8] the Complaint does not articulate how the Court could reasonably infer that any violation occurred. Therefore, the Court will also grant the Motion to Dismiss Count II.

---

"exist[ed] in near isolation in the middle of a public parking lot, where it will be regularly subject to conditions by which it is obscured from public view," (*id.* 8). Even presuming the accuracy of such statements, they are not in the Complaint and thus cannot be considered for purposes of this Motion to Dismiss.

[5] Because the Court finds that the Complaint does not plausibly allege that Kroger acted negligently, the Court need not address Kroger's assertions that Field negligently contributed to her own injury. Except in "relatively rare" circumstances, "a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

[6] Virginia Uniform Statewide Building Code § 302.3 states, "All sidewalks, walkways, stairs, driveways, parking spaces, and similar spaces regulated under the [Virginia Crime Codes] shall be kept in a proper state of repair and maintained free from hazardous conditions." 13 Va. Admin. Code § 302.3.

[7] Chesterfield County Ordinance § 5-1 applies the Virginia Uniform Statewide Building Code "to all to all buildings and structures which are constructed, altered, repaired or converted in use and to all equipment associated with such buildings and structures." Chesterfield Cnty. Ord. § 5-1.

[8] The Virginia Code enforces the ANSI A117.1 by reference in the Virginia Uniform Statewide Building Code. 13 Va. Admin. Code § 5-63. Section 303.2 of the 2003 ICC/ANSI A117.1 allows "[c]hanges in level of 1/4 inch (6.4 mm) maximum in height shall be permitted to be vertical." ICC/ANSI A11.7 § 303.2 (2003).

### B. The Court Will Dismiss Count III Because Field Does Not Allege a "Special or Peculiar" Injury

Under public nuisance, Field's Complaint fails to plead a necessary element—that her injury constituted a "special or peculiar" injury—that Virginia law requires for an individual plaintiff to maintain a public nuisance claim. *Fugate v. Carter*, 144 S.E. 483, 484 (Va. 1928).

Under Virginia law, a private person generally cannot maintain a cause of action in public nuisance. *Id.* (quoting *Bowe v. Scott*, 75 S.E. 123, 123 (Va. 1912)). "[T]he term nuisance . . . extends to everything that endangers life or health, gives offense to the senses, violates the laws of decency, or obstructs the reasonable and comfortable use of property." *Bragg v. Ives*, 140 S.E. 656, 660 (Va. 1927) (citation omitted). A public nuisance is a nuisance "that is a danger to the public." *Taylor v. City of Charlottesville*, 397 S.E.2d 832, 835 (Va. 1990).

Virginia law generally enjoins private parties from sustaining individual causes of action for public nuisance under the theory that Virginia itself must indict the creator of such a nuisance on behalf of the widely affected community. *See* Va. Code § 48-1 *et seq.*; *Jordan v. Commonwealth*, 549 S.E.2d 621, 623 (Va. Ct. App. 2001); 5 KENT SINCLAIR, SINCLAIR ON VA. REMEDIES § 65-1 (LexisNexis Matthew Bender 2018).

Only when a plaintiff can prove a "special or peculiar" injury, different in kind from that sustained by the community at large, may he or she maintain a public nuisance action. *Fugate*, 144 S.E. at 484 (stating that the injury "must be direct and not purely consequential, and must be different in *kind*, and not merely in *degree*, from that sustained by the community at large.") (emphasis in original) (quoting *Bowe*, 75 S.E. at 123).

Field's public nuisance claim falters because Field, as a private plaintiff, does not show the "special or peculiar" injury necessary to undergird a public nuisance cause of action. *See id.* To state a public nuisance claim, Field must prove that her injury was different in kind from that

7

sustained by the whole community and "not purely consequential." *See id.* at 483–84 (stating that a garage built on a public road constituted a public nuisance for which the individual plaintiff could maintain a cause of action because the plaintiff lost access to his property); *see also Taylor*, 397 S.E.2d at 834–36.[9] Unlike an individual's inability to reach his or her property because of a garage built on a public road, Field alleged injuries, arising from her fall, do not amount to the "special or peculiar" harm necessary to maintain a public nuisance cause of action under Virginia law. *Compare Fugate*, 144 S.E. at 484, *with Hinton v. Midlothian Kroger*, No. 3:19cv178, 2019 WL 4060339, at *3–4 (E.D. Va. Aug. 28, 2019) (Lauck, J.) (finding that plaintiff who allegedly slipped and fell at a Kroger did not state a "'special or peculiar'" injury necessary to undergird a public nuisance cause of action.").

Like the *Hinton* plaintiff, Field cites *Lee v. Lowe's Home Centers, LLC* to support her argument that an improperly maintained or placed parking bumper may constitute a public nuisance. 2019 WL 4060339, at *4 n. 8 (discussing *Lee*); *see also* Case No. CL15000437-00 (Southampton Cnty. Cir. Ct. 2015). In *Lee*, the Circuit Court for Southampton County allowed a private plaintiff's public nuisance claim to proceed where the plaintiff allegedly tripped over a pile of lumber on the floor of a store. (*See* Order, *Lee v. Lowe's Home Ctrs.*, Case No. CL15000437-00 Southampton Cnty. Cir. Ct. Doc. 10, 2015, ECF No. 8-1.) The Court again declines to follow *Lee* given its absence of any legal discussion and the lack of any other authority supporting Field's public nuisance claim. 2019 WL 4060339, at *4 n. 8.

Because Field does not allege a direct, "special or peculiar" injury that is "not purely consequential," *Fugate*, 144 S.E. at 484, the Court will grant the Motion to Dismiss Count III.

---

[9] *Taylor* is the quintessential public nuisance case brought by a private plaintiff: a special or peculiar individual harm—death—resulting from a situation created by a municipality when the municipality negligently failed to mark a road hazard. *Taylor*, 397 S.E.2d at 834–36.

8

## IV. Conclusion

For the foregoing reasons, the Court will grant the Motion to Dismiss. (ECF No. 5.) The Court will dismiss the Complaint, (ECF No. 1-2), without prejudice, providing Field with leave to amend.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 4/13/2021
Richmond, Virginia